TAYLOR (MARTIN v.). See Case No. 9,166.

TAYLOR (MAYO v.). See Case No. 9,357.

TAYLOR (MECHANICS' BANK v.). See Case No. 9,383.

TAYLOR (MECHANICS' BANK OF ALEXANDRIA v.). See Case No. 9,386.

## Case No. 13,798.

### TAYLOR v. MOORE et al.

[5 Cranch, C. C. 317.] [1]

Circuit Court, District of Columbia. Oct. Term, 1837.

ASSIGNMENT—DEATH OF ASSIGNOR—RENTS.

An assignment of rents, with a power of attorney to collect them as they shall become due, is a valid assignment in equity, although the assignor should die before they are collected.

Chancery attachment.

CRANCH, Chief Judge, delivered the opinion of the court.

The bill states that W. S. Moore was in debt to the plaintiff [Harrison Taylor] $55, and that James Green was indebted to Moore in a larger amount; that Moore was an absent debtor, and that Green resided in Alexandria. The attachment was served on the 19th of July, 1830. Moore died some time in September, 1830. The attachment was returnable to November term, 1830. Green, in his answer, admits that on the 19th of July, 1830, he was indebted to Moore $208.83½, and afterwards paid to Thomas Irwin, Jr., executor of Thomas Irwin, deceased, $217.83½, which he claimed under a power of attorney from Moore. This settlement of the rents with Green was made on

[1] [Reported by Hon. William Cranch, Chief Judge.]

the 17th of September, 1830, the account having been made up to the 18th of July, 1830, and left with Green by Irwin on the 5th of July, 1830, and paid by Green on the 2d of October, 1830, after the death of Moore. It appeared by Irwin's answer that Moore, being largely indebted to him as executor of Thomas Irwin, deceased, on the 1st of May, 1827, for the purpose of making some provision for the payment of the debt, agreed to appropriate towards the payment thereof, the rents of Moore's property in Alexandria which had been before conveyed to R. I. Taylor, in trust to secure the debt; and in pursuance of that agreement gave the defendant, Irwin, a letter of attorney to enable him to collect the rents and apply them towards the payment of the debt; accompanied by a letter to Mr. R. I. Taylor, of the same date, namely, May 1, 1827. The rents in question became wholly due in the lifetime of Moore, while the letter of attorney was in full force, and Mr. Irwin had a legal right to receive them and apply them to his own use as executor, and Green was bound to pay them to him before the attachment was levied.

Equity will consider that as done which ought to have been done. The power of attorney and letter to Mr. Taylor, and the answer of Mr. Irwin, are evidence of an assignment of those rents to Mr. Irwin; so that at the time of the attachment, Mr. Irwin and not Mr. Moore was the creditor of Green, and there was nothing in his hands upon which the attachment could operate.

The court being of this opinion, it is not necessary to decide upon the other objection made by Mr. Taylor, the defendant's counsel, that the attachment was dissolved by the death of Mr. Moore before the return of the writ. The plaintiff's bill must be dismissed, with costs.