Deaderick, C. J.,
delivered tbe opinion of tbe court:
At tbe April term, 1871, of this court, upon complainant’s bill for that purpose, a sale by her to defendant of fifty acres of land near Memphis was rescinded [see Scott v. Johnson, 5 Heis., 614]. Tbe cause was remanded to tbe chancery court with instructions, amongst other things, that the possession of the land be restored to complainant upon tbe payment of .any balance found due from complainant to defendants. And it was directed that tbe- complainant should be charged with tbe reasonable present cash value added to tbe premises by permanent improve *767 ments, if any, put upon the land “by respondents or by any person under them as tenants, purchasers, otherwise,” etc.
The complainant, at the first term after the cause was remanded, presented her supplemental bill, and asked leave of the chancellor to file the same. Leave was refused, and the decree of this court was entered as the decree of the chancery court, and the master was directed to proceed to take account in conformity thereto.
This supplemental bill ‘alleged that defendants had sold fourteen and one-half acres of the fifty acres to Fisher, and although the deed bears date several months after the original bill was filed, that the sale was in fact made, ‘and possession taken by .Fisher, and improvements erected thereon by him before the bill was filed, and that complainant was ignorant of this fact, when her bill was filed, as were her counsel, and that her counsel continued ignorant of this fact until after the cause was remanded by this court. And its purpose was to have Fisher’s heirs, their ancestor having died, made defendants. íhe chancellor, as we infer from the argument here, being of opinion from the decree of this court, that it was neither necessary nor proper to grant the leave, to file said bill, refused it. And the account of improvements as to the Fisher tract was taken, directed mainly to the value of the rents and profits and to the enhanced value of the premises by improvements. The master reported as due to defendants, $22,-081.79. Complainant and defendants both excepted' to the master’s report: amongst other grounds by complainant, that the rent allowed her was toó little, and the enhanced value by improvements allowed defendant too much, while defendants’ ground of exception was, that the rents and profits allowed complainant were excessive and the allowance to them for improvements enhancing the value of the premises was too little.
All the exceptions taken by both parties were overruled, *768 except defendants’ fifth exception, which was so far sustained as to allow them $2,000 more for permanent improvements on the 35 1-2 acre tract than had been allowed by the master. And from the chancellor’s decree complainant appealed to this court.
The complainant’s first exception is because the master failed to charge the defendants with $7,250, being the amount for which they sold the 14 1-2 acres, part- of the 50 acre tract, to Fisher.
The evidence shows that preparations to build upon this 14 1-2 acres by .Fisher were made in the fall of 1865, and that he took possession of it, and erected a dwelling and other improvements upon it and occupied it before the complainant’s bill wás filed, claiming title. Whether the purchase was by title bond or verbal agreement, does not appear, but it does appear that he . did claim the title thereto several months before August, 1866, the date of defendants’ conveyance to him. The bill charges nothing in relation to this sale to, or possession by Fisher, and we infer from the facts disclosed in the record, they were unknown to complainant when her bill was filed, nor do respondents disclose the facts in their answer, although, of course, they were well known to them.
Upon the facts disclosed upon taking the- account, no- decree can be rendered in this case to dispossess Fisher’s heirs, as we -are of opinion their ancestor was in possession of the premises, claiming it under his purchase before complainant’s bill was filed. 11 Wend., 460-1.
By the decree of this -court at its April term, 1871, remanding this cause, it was adjudged that complainant was entitled to be “restored to the possession of the 50 acres of land, and that she was to be charged the enhanced value thereof by reason of improvements,” and it is insisted that respondents’ right to the value of the improvements put upon the land by respondents, or by any person under them as “tenants, purchasers or otherwise,” and it is insisted that *769 respondents’ right tó the value of the improvements put upon the land by Fisher, purchaser from them, is adjudicated, and must be allowed, although -the part of the decree declaring complainant’s right to be restored to the possession thereof cannot be carried out and made effectual in this cause.
On the other hand, for complainant it is urged that in their application to file her supplemental bill, she elected to take, and still is willing to take $7,250 for the 14 1-2 acres of land sold by respondents, that being the amount which they received for it, and as they cannot restore the land, having sold and conveyed and delivered possession of it to Fisher, who, and whose heirs have ever since held possession, and still hold possession of it, that they are bound to account for the proceeds thereof; that it is not proposed to change the principle of the decree of April term, 1871, but because of the ascertained change in the condition of the property, upon which it was intended to operate, from that in which it was supposed to be when the decree was pronounced, it is necessary, in order to carry out the spirit and purpose of the decree, that the mode of its execution be changed.
The purpose of the decree was to restore the whole of the 50 acres of land to- complainant. It now appears, as it did not wdien that decree was pronounced, that 14 1-2 acres of that land was sold by defendants and was at that time in the adverse possession of Fisher, or his heirs, wlw are not parties to this suit, and this court can'not award possession to complainant of the property so held adversely. But defendants have received the price, and complainant is willing to accept the price in lieu of the land.
Literally the decree required that the land be restored. If this cannot be done, is it not a substantial compliance with the spirit and principle of the decree, that the money or price received for and representing it should be restored, the complainant being satisfied with that, and the defend *770 ants, being unable to restore theJand in specie, is required to restore that which represents it, the price they received for it. The relief is substantially the same, 'although different in form.
Requiring defendants to account for the price actually received for the 14 1-2 acres, is to carry out the former decree in its spirit, principle and purpose, whereas to decree the restoration of the 14 1-2 acres would, in the present aspect of the case, be to follow the letter of the former decree, but to abandon its spirit and purpose.
It is true that the decree of 1871 directed the restoration to complainant of the 50 acres, and required her to account for improvements made by the defendants, or tenants, or purchasers under them. But the just interpretation of this decree is that such account shall be taken only as to the lands restored.
Fisher, the son of the purchaser of Johnson, shows by the facts he states that this sale to his father was made as early at least as January, 1866, that his father went into possession, under his claim as purchaser the first of April, 1866, and these facts not being known when complainant’s bill was filed, Fisher was not made a party, and his heirs cannot be dispossessed by any decree in this cause.
Their title is probably perfected to the 14 1-2 acres, and defendants have received from Fisher pay for the land as well, as for the improvements placed on it, and defendants now resist complainant’s claim to be substituted to- the price of the land, instead of the land itself which, by their act, they have placed beyond complainant’s reach. In the case of Nelson v. Bridges, 2 Beavan, 243, defendant had granted complainant the right to raise stone off a certain part of defendant’s lands, and the. complainant had entered and partly performed the agreement. Defendant then granted the privilege to another person. Complainant filed his bill for specific performance and had a decree as prayed *771 fox. After this, a supplemental bill was filed, alleging the removal of the stone and praying compensation therefor.
The master of the rolls said it has already been declared that the plaintiff is entitled to a specific performance, but pending the proceedings, the very subject of the agreement to which the- plaintiff has by the decree been declared entitled, has been abstracted, and it was held complainant was entitled to compensation.
Although a supplemental bill, upon the facts' disclosed in the record, might properly have been allowed, yet we are of opinion it was not indispensably necessary, as the relief now asked by complainant is not inconsistent with that to which she was held entitled by the former decree, and does not involve a reversal of that decree.
In the case of Rose v. Himely, 4 Cranch, 241, a decree was rendered for the restitution of the cargo of the Sarah to the owners, and the cause remanded. At the next term of the court, the cause was again brought up, when Chief Justice Marshall said, in delivering the opinion of the court, “A decree having been formerly rendered in this cause, the court is now to determine whether that decree has been executed according to its true intent and meaning.” After discussing and disposing of other questions, it is said: “Restitution of the cargo was awarded. The property having been sold, the money proceeding from the sales is substituted for the specific articles.” [Himely v. Rose], 5 Cranch, 318 [316, 317].
In this case no supplemental bill was deemed necessary, but the decree is founded upon the idea that the value of the thing sold, or rather the proceeds of the sale, is substituted for the property sold, and liable to be appropriated to the satisfaction of the decree, upon the ground that the proceeds stand in the place and as representative of the thing sold. No injustice is done defendants. They were required to restore the 14 1-2 acres. It turns out this can *772 not be done, and they are only required to restore the proceeds of it, what they received for it.
Complainant’s first exception should, therefore, have been sustained. The complainant’s second exception is to the charge of $4,800 and interest, the value of the improvements on the 14- 3-2 acres of land. This exception will also be sustained, as it follows that the improvements mast go with the land upon which-they are situated. The third exception is' a repetition in different form of exceptions Nos. 1 and 2, and is disposed of by the action upon Nos. 1 and 2, and is, therefore, overruled. The fourth is as to the overcharge for improvements on 14 1-2 acres of land, and is overruled. The fifth exception is taken to the allowance of $12,000 for permanent improvements on 35 1-2 acres, because placed upon the land pending this suit. The decree of this court, at its April term, 1871, directed the master to take an account of the then “cash value added to the premises by permanent'improvements,” etc., and the report was warranted by the decree, and the exception will be overruled. The. sixth exception is taken to the allowance of said sum of $12,000, upon the ground that it is excessive. Upon examination of all the testimony in the case, we are of opinion the allowance is authorized thereby, and this exception is overruled.
The seventh and eighth exceptions are as to the mode of arriving at the allowance of said sum of $12,000, and are not well taken, and the same are overruled.
The ninth and tenth exceptions, as to improvements, is a repetition of preceding exceptions in a different form, and are overruled.
The eleventh exception is that the master has made mo allowance to complainant for growing crops, etc., at the time of the sale. This exception is not well taken, and is overruled.
The twelfth exception is that the defendants are not *773 charged with wood cut upon the premises. This exception is not well taken, and is overruled.
The thirteenth exception is that complainant is charged with $2,000, retained by Brinkley to pay himself and Lea, when the amount vas, in fact, $1,080. This amount was left open for proof by the decree of 1871, but if no evidence was offered, it was to be charged a.t $2,000, as Brinkley stated that he thought that was about the amount. But he further stated that the amount retained was to repay himself and Lea, for payments of interest notes due Mrs. Holli-day from complainant. It now appears that $1,080 was the amount of those interest notes, instead of $2,000, and the exception will be allowed and correction made.
The fourteenth and fifteenth exceptions, allowing for taxes paid by defendants, will be sustained as to taxes on the 14 1-2 acres since 1S66, and overruled as to the residue.
The sixteenth exception is that the rent charged defendant is too low, and should be increased. Upon this point the evidence is very conflicting. But we are of opinion that the allowance is as much as it justified, taken altogether, and this exception will be overruled.
All the defendants’ exceptions were overruled, except the fifth, w-hich was partly sustained, in increasing the allowance made by the master of $12,000, for the enhanced value of the 35 1-2 acres, by reason of permanent improvements to $14,000.
The defendants do not appeal, and it is, therefore, only necessary to notice the fifth exception, so far as it is affected by complainant’s appeal.
Upon a review of the evidence, wa are of opinion that the allowance made by the master in his report for such permanent improvements, was sufficient, and that the amount by which it was increased by the chancellor should not be added to the sum so reported by the master, and the decree wall be modified accordingly.
*774 Tbe clerk of tbis court will restate tbe account according to modifications indicated in tbis opinion, and make bis report to tbe present term, to tbe end tbat a final decree may be pronounced.